UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JAMES E. PHILLIPS,                    )
                                      )
               Plaintiff,             )
                                      )
       v.                             )   No. 2:24-cv-00013-JRO-MG
                                      )
L. CHAMBERS, et al.,                  )
                                      )
               Defendants.            )

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

James E. Phillips, an inmate within the Indiana Department of Correction ("IDOC") at Pendleton Correctional Facility ("Pendleton"), brought this action against Defendants L. Chambers and S. McCann alleging that they violated his First Amendment rights by returning a book about how to sue prison officials that he ordered from Amazon.  Mr. Phillips claims that Defendants returned the book to Amazon before it ever reached him and that they did so in retaliation for his prior lawsuits.

Mr. Phillips has moved for summary judgment, dkt. 80, and the Defendants have filed a cross-motion for summary judgment, dkt. 92. For the reasons below, Mr. Phillips's motion, dkt. 80 is **DENIED**,[1] and the Defendants' motion, dkt. 92, is **GRANTED**.  Mr. Phillips cannot prove that Defendants were

---

[1] Mr. Phillips also has filed a motion to file supplemental support, dkt. 90, asking the Court to supplement his summary judgment motion with additional evidence that he obtained after the filing of his summary judgment motion.  That motion, dkt. 90, is **GRANTED** to the extent that the Court will consider the evidence filed at docket 97 for the purposes of summary judgment.

1

motivated by an intent to retaliate against Mr. Phillips for his prior lawsuits when they allegedly returned the book he ordered.  Even if Mr. Phillips could prove retaliatory motive, Defendants have satisfied their burden to show that they would have returned the book in any event pursuant to IDOC policy.

But before the Court addresses the merits, it first resolves Mr. Phillips's motion to strike Defendants' motion for summary judgment.  Dkt. 98.  That motion is **DENIED**.

### I.

### MOTION TO STRIKE

Mr. Phillips argues in essence that Defendants' Motion for Summary Judgment is "a second response in opposition to Plaintiff's motion for summary judgment" and is, therefore, an improper collateral motion disfavored by Local Rule 56-1(i).[2]  Dkt. 98 at 2.  But Mr. Phillips fails to appreciate that Defendants' motion for summary judgment is not a collateral motion but a proper cross-motion for summary judgment.  Ironically, Mr. Phillips's motion to strike is an example of exactly the sort of collateral motion the Court disfavors.  Rather than file a separate motion to strike, Mr. Phillips should have filed a response to Defendants' cross-motion for summary judgment and included any objections for non-compliance with any local or evidentiary rules with that response.  Mr.

---

[2] Local Rule 56-1(i) reads as follows:

> Collateral Motions. The court disfavors collateral motions—such as motions to strike— in the summary judgment process. Any dispute over the admissibility or effect of evidence must be raised through an objection within a party's brief.

Phillips received instructions from Defendants regarding his right to respond to Defendants' motion for summary judgment, dkt. 95, but he chose to file a motion to strike instead. This was improper. *See* Local Rule 56-1 – Summary Judgment Procedure.

Mr. Phillips also identifies deficiencies in Defendants' August 25, 2025, response to his motion for summary judgment. Again, pursuant to Local Rule 56-1(i), Mr. Phillips should have addressed these deficiencies in his reply in support of his motion for summary judgment, not in a separate motion to strike.

For these reasons, Mr. Phillips's motion to strike, dkt. 98, is **DENIED.**

**II.**

**STANDARD OF REVIEW ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Summary judgment is warranted when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing cross-motions for summary judgment, the Court must consider each party's motion individually; all reasonable inferences are drawn in favor of the party against whom the motion at issue was made. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018) (citing *Tripp v. Scholz*, 872 F.3d 857, 862 (7th Cir. 2017)). The existence of cross-motions for summary judgment does not necessarily imply that there are no genuine issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Loc. Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

A movant must inform the district court of the basis for its motion for summary judgment and identify the record evidence it contends demonstrates

the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Parties must support all facts and disputes of fact by citing to particular parts of the record, including admissible deposition testimony, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. Of Ind. Univ.,* 870 F.3d 562, 572–73 (7th Cir. 2017) (cleaned up). Failure to properly support a fact or support a dispute of fact with admissible evidence may result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e). The Court makes no credibility determinations and weighs no evidence. *Miller v. Gonzalez,* 761 F.3d 822, 827 (7th Cir. 2014).

## III.

## FACTUAL BACKGROUND

The following facts are well-presented in the designated evidence submitted by the parties in their respective motions and are not in dispute except as noted.

### A.    The Parties

At all relevant times, Mr. Phillips was an inmate at Pendleton. Dkt. 91-1 at 9. Mr. Phillips was receiving assistance and books from a "paralegal," Mr. Nicholas Greven, whom Mr. Phillips described as "like family." Dkts. 91-1 at 19-

20, 82 at 2.  Defendants Sandra McCann and Yolanda Chambers were officers at Pendleton, and both also worked in the mailroom. Dkts. 91-2, 91-3.

**B.      The Return of the Book**

On three separate occasions, Mr. Phillips attempted to purchase a book titled "Prisoners' Self-Help Litigation Manual" from Amazon.com, with the assistance of Mr. Greven.  Dkt. 91-1 at 12.

First, on June 30, 2020, Mr. Greven attempted to order the book for Mr. Phillips, and he claims it was returned to Amazon by the mailroom at Pendleton. Dkt. 82 at 10.  Confirmation details from this Amazon purchase show that the book was "Sold by: Amazon.com Services Inc." and "Supplied by: Other."  Dkt. 82 at 8.

On November 16, 2022, Mr. Greven again purchased the book for Mr. Phillips through Amazon.  Dkt. 82 at 6–8.  Confirmation details from the November 2022 Amazon purchase also showed that the book was "Sold by: Amazon.com Services Inc." and "Supplied by: Other." Dkt. 82 at 11.  Mr. Phillips did not receive the book when it was ordered in November 2022.  Dkt. 91-1 at 12.  He alleges it was returned to Amazon by the Defendants.

The claims in Mr. Phillips's complaint address only the alleged November 2022 book return. Dkt. 8 at 2.  But Mr. Greven testified that he attempted to

order the book a final time on March 5, 2023, but says it was again returned to Amazon by the mailroom staff at Pendleton.  Dkt. 82 at 6.

**C.     The Grievance**

After the November 2022 return, on January 6, 2023, Mr. Phillips submitted a grievance naming the Defendants and stating that they denied him access to the book in retaliation for filing lawsuit against other prison officials. Dkt. 82 at 14.  In response, Officer Chambers replied to the grievance and noted "I have checked all logs and we have not refused any books for this offender. If we refuse a package, it is logged with the date refused and the reason refused." *Id.* at 15.  In a later response from the Warden's designee, the designee stated that if the book came "from a third-party distributor, they are denied per policy and returned."  Dkt. 97-1 at 16.  Mr. Phillips replied on January 24, "I do not agree. That is not the truth."  *Id.* at 17.

Mr. Phillips asserts that Officers McCann and Chambers "definitely came in contact with my ordered law book and they definitely returned it."  *Id.* at 26–27.  He further alleges that they both responded to his grievance and appeals about the missing book.  *Id.*

Both Defendants testified that they have no record or recollection of ever receiving the book, so they deny ever returning it.  Dkts. 91-2, 91-3, 82 at 15.

Defendants also referenced IDOC Policy #02-01-103, which covers inmates' receipt and use of correspondence and printed material within IDOC correctional facilities.  Dkts. 91-2 at 1–3, 91-4.  The policy states that "incarcerated individuals may not receive packages from a third-party fulfillment

6

service.  Any item received by the mailroom with a return label belonging to a third-party fulfillment service shall be rejected and returned to sender." Dkt. 91-4 at 10.  Amazon is a third-party fulfillment marketplace for many third-party, unapproved vendors.  Dkt. 91-2 at 2.  There are countless third-party vendors that utilize Amazon as a third-party fulfillment service marketplace to sell their items, even though they themselves are still third-party, unapproved vendors.  *Id.*  The Amazon invoices designated by Mr. Phillips do not identify any vendor of the book he ordered.

**D.    Evidence of Retaliation**

Mr. Phillips says he has designated two facts that prove the Defendants' alleged return of the book was retaliation for his many lawsuits.  First, he cites the fact that he was not notified by Defendants that the book was returned each of the three times the book was returned—in June 2020, November 2022, and March 2023.  He argues that receiving notification of the return from Defendants would have shown that the Defendants' intent was not "nefarious and malicious." Dkt. 91-1 at 15.  But Defendants never gave such notification, which he says proves nefarious and malicious intent.  *Id.*

Second, Mr. Phillips alleges retaliatory intent is self-evident because of the book's title: Prisoners' Self-Help Litigation Manual.   He says "[i]t's self-explanatory that whoever orders this book is engaging in First Amendment

7

activities against their friends and their coworkers and possibly them." Dkt. 91-1 at 36.

## IV.

## DISCUSSION

To succeed on his claim, Mr. Phillips must first make a prima facie case of First Amendment Retaliation by designating evidence sufficient to allow a reasonable jury to conclude that: (1) the plaintiff engaged in protected First Amendment activity; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was a motivating factor in the defendants' decision to take the allegedly retaliatory action. *Jones v. Van Lanen*, 27 F.4th 1280, 1284 (7th Cir. 2022). If he makes his prima facie case, the burden shifts to the Defendants to show that the deprivation would have occurred even if he had not engaged in protected activity. *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). If Defendants can make this showing, the burden shifts back to Mr. Phillips to demonstrate that the proffered reason is pretextual or dishonest. *Id.*

The Court assumes without concluding that Plaintiff has met the first two elements of his prima facie case: that he engaged in First Amendment activity and experienced a deprivation that would deter First Amendment activity.

Even so, Mr. Phillips's claim fails on the third element of his prima facie case. He has not presented admissible evidence that his protected activity, namely advancing his lawsuits, was a motivating factor in Defendants' return of the book. And even if he had designated evidence to satisfy this element of his

prima facie case, Defendants met their burden to show the return would have occurred regardless based on IDOC Policy #02-01-103, which requires return of books from unapproved vendors. And Mr. Phillips has not designated any evidence to show that adherence to IDOC Policy # 02-01-103 was pretextual.

## A.   No Motive of Retaliation

"The motivating factor [element] amounts to a causal link between the activity and the unlawful retaliation." *Manuel*, 966 F.3d at 680. This element may be proven by a combination of circumstantial evidence, which may include suspicious timing; ambiguous statements; behavior or comments directed at others in the protected group; evidence that similarly situated people were treated differently; and evidence that the decisionmaker offered a pretextual reason for an allegedly retaliatory action. *Id.*; *Hobgood v. Ill. Gaming Bd.*, 731 F.3d 635, 643–44 (7th Cir. 2013). Nonetheless, "[a]llegedly protected speech cannot be proven to motivate retaliation, if there is no evidence that the defendants knew of the protected speech." *Stagman v. Ryan*, 176 F.3d 986, 999–1000 (7th Cir. 1999) (quoting *O'Connor v. Chicago Transit Auth.*, 985 F.2d 1362, 1370 (7th Cir.1993)).

The mere fact that Mr. Phillips had previously filed lawsuits before his book was not delivered is insufficient to prove a causal link between his lawsuits and Defendants' return of the book in retaliation for such lawsuits. "Suspicious timing *alone* will rarely be sufficient to create a triable issue because suspicious timing may be just that—suspicious—and a suspicion is not enough to get past a motion for summary judgment." *Manuel*, 966 F.3d at 681 (cleaned up)

9

(emphasis added).  Further, Mr. Phillips does not identify any specific lawsuit and or designate evidence that Defendants are aware of any particular lawsuit that Mr. Phillips has in mind.  Without this evidence, any causal link is pure speculation.

Mr. Phillips argues that the lack of notice he received about the book's return coupled with the book's title and subject-matter—namely, "Prisoners' Self-Help Litigation Manual" which explains how a prisoner may successfully sue prison officials—is "self-explanatory" of the Defendant's retaliatory intent.  Dkt. 91-1 at 11.  But the mere subject-matter of the book and fact of its return (which, for purposes of this Motion, the Court assumes occurred) without notice to Mr. Phillips is insufficient to establish that the previous lawsuits motivated the return.  "Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough."  *Daugherty v. Page*, 906 F.3d 606, 611 (7th Cir. 2018) (cleaned up).

There is another hole in Mr. Phillips's evidence: he has failed to show that Defendants knew of Mr. Phillips's prior lawsuits.[3]  *Wackett v. City of Beaver Dam, Wis.*, 642 F.3d 578, 582 (7th Cir. 2011) (citing *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 925 (7th Cir. 2007) (granting defendants' motion for summary

---

[3] Defendants did not present this precise argument in their briefing, though they generally argue that "Plaintiff's retaliation allegations are based only on his personal belief," dkt. 94 at 5, and "Plaintiff's Motion lacks evidentiary support to prove his burden that his filing of civil lawsuits was a motivating factor in Defendants' decision to take the allegedly retaliatory action," dkt. 91 at 5.  In any case, a district court may "consider materials not cited by either party and grant summary judgment on a ground not raised by either party." *King v. Schieferdecker*, 498 F. App'x 576, 580 (7th Cir. 2012) (citing Fed. R. Civ. P. 56(c)(3), (f)(2)).

judgment on First Amendment retaliation claim where plaintiff "did not present any evidence that the defendants knew" of the protected First Amendment activity); *Stagman*, 176 F.3d at 999–1000.

Instead, Mr. Phillips has introduced only speculation that Defendants knew about his lawsuits.[4]  Federal Rule of Civil Procedure 56(c)(4) states "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." "[S]tatements outside the affiant's personal knowledge or statements that are the result of speculation or conjecture or merely conclusory do not meet this requirement."  *Stagman*, 176 F.3d at 995 (holding statements in an affidavit about another person's knowledge lacked personal knowledge foundation and were speculation); *see also Sizelove v. Madison-Grant United Sch. Corp.*, 597 F. Supp. 3d 1246, 1264 (S.D. Ind. 2022) (holding statements in affidavit about "the thoughts of other . . . 'persons'" were inadmissible).

---

[4] Defendants' briefing on summary judgment includes no objection to Mr. Phillips's speculation in his affidavit.  Though, again, Defendants argue as a general matter that "Plaintiff's retaliation allegations are based only on his personal belief."  Dkt. 94 at 5. Regardless, the Court may "take notice of a plain error affecting a substantial right, even if the claim of error was not properly preserved," Fed. R. Evid. 103(e), and may rule on the admissibility of evidence to make the summary judgment process "effective for determining the truth."  Fed. R. Evid. 611(a); *see also Friedel v. City of Madison*, 832 F.2d 965, 970 & 971 n.4 (7th Cir. 1987) (considering Rule 56(e), which in relevant part was carried forward to Rule 56(c)(4) under the 2010 Amendments to the Federal Rules of Civil Procedure and stating "[t]o the extent that affidavits are insufficient under Rule 56(e), they must not be considered on summary judgment. . . .  Even if any objections are waived, a court is obviously not *required* to consider affidavits insufficient under Rule 56(e)").

Mr. Phillips's affidavit attached to his motion summarily states "Defendants Chambers and McCann were aware of Plaintiff's lawsuits and Plaintiff's intentions on filing more lawsuits and using the [book] as a tool to assist him in successfully filing motions and responding to motions due to the title and name of the Book . . . ." Dkt. 82 at 3. Mr. Phillips affidavit contains no personal knowledge foundation to support these statements, such as his prior communications with Defendants or any discussion of the source of his knowledge of their purported awareness of his lawsuits. In fact, at his deposition he testified that he had never met the Defendants or interacted with them other than through the grievance process. Dkt. 91-1 at 27, 33.

Mr. Phillips also testified that both Defendants knew about his pending lawsuits "due to the self-explanatory title of the book or whatever," dkt. 91-1 at 11, and because these lawsuits had been filed against Defendants' "friends that they had been working with for years," *id.* at 32. But this testimony is also speculation. It reflects conclusory inferences that Mr. Phillips is drawing from the title and subject of the book and his own knowledge of his own lawsuit, not personal knowledge of the Defendant's knowledge. Thus, Mr. Phillips has not presented admissible evidence on summary judgment to support Defendants' knowledge of his protected First Amendment activity.

In sum, Mr. Phillips's case "veers too far into speculation to survive summary judgment." *Jones*, 27 F.4th at 1286. He has failed to make his prima facie case of First Amendment retaliation.

**B.    The Book Return Would Have Occurred Regardless**

Even assuming that Mr. Phillips had satisfied all three elements of his prima facie First Amendment retaliation claim, he would not win on summary judgment.  The burden now shifts to Defendants to show that the deprivation (i.e., the return of the book) would have occurred even if Mr. Phillips had not engaged in protected activity (i.e., filed civil lawsuits).  *Manuel*, 966 F.3d at 680.  Defendants have met their burden on summary judgment.

IDOC Policy #02-01-103 states that "incarcerated individuals may not receive packages from a third-party fulfillment service. Any item received by the mailroom with a return label belonging to a third-party fulfillment service shall be rejected and returned to sender."  Dkt. 91-4 at 10.  Many third-party vendors use Amazon as a third-party fulfillment service marketplace to sell their items, even though they themselves are still third-party, unapproved vendors.  Dkt. 91-2 at 2.  Mr. Phillips's Amazon invoices show that the "Prisoners' Self-Help Litigation Manual" that he ordered was "Sold by: Amazon.com Services Inc." and "Supplied by: Other."  Dkt. 82 at 8, 11.  No supplier is identified, which shows that Defendants had no way of knowing whether an approved vendor supplied the book Mr. Phillips ordered.  Thus, under the plain terms of IDOC Policy #02-01-103, the book ordered for Mr. Phillips would have been returned in the ordinary course of prison business.

At this point, the burden shifts back to Mr. Phillips to show that compliance with IDOC Policy #02-01-103 would have been a pretext for First Amendment retaliation.  *Manuel*, 966 F.3d at 680.  Mr. Phillips has not

designated any evidence of pretext or dishonesty beyond his speculation regarding Defendants' motive that the Court has already addressed above. This is fatal to his claim, particularly given his failure to show that Defendants had any knowledge of his First Amendment activity, namely his prior lawsuits. Accordingly, he has not carried his burden to show pretext, and Defendants are entitled to summary judgment.

## V.

## CONCLUSION

In sum, the Court finds that Mr. Phillips has failed to carry his burden on summary judgment to demonstrate that the designated evidence entitles him to judgment as a matter of law. His evidence fails to show that Defendants' alleged return of the book that was ordered for him was motivated by his prior litigation. And even if Mr. Phillips's evidence did show this, Defendants' evidence establishes prison policy mandated the return of his book regardless. Accordingly, Mr. Phillips's motion for summary judgment, dkt. 80, is **DENIED**.

The Court reaches this conclusion after construing all of the evidence presented by both parties entirely in Mr. Phillips's favor. Accordingly, Defendants have successfully carried their burden on summary judgment to show that Mr. Phillips cannot succeed at trial. Defendants' cross-motion for summary judgment, dkt. 92, is **GRANTED**.

Mr. Phillips's motion to file supplemental support, dkt. 90, is **GRANTED** to the extent that the Court has considered the evidence filed at docket 97 for

the purposes of summary judgment.  Mr. Phillips's motion to strike, dkt. 98, is

**DENIED.**

Final judgment shall enter by separate order.

**IT IS SO ORDERED.**

Date: 3/18/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

CARLTON W. ANKER
LEWIS & WILKINS LLP
anker@lewisandwilkins.com

ERIC R. SHOUSE
LEWIS & WILKINS LLP
shouse@lewisandwilkins.com